IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| KARL SHACKELFORD, PRO SE, § <br> TDCJ-CID No. 1368700, § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> SGT. KYLE, Administrative Agency Judge, § <br> CHARGING OFFICER MCKINNIS, § <br> J.H. ADAMS, Warden, and § <br> STATE OF TEXAS CRIMINAL JUSTICE, § <br> § <br> Defendants. § | 2:08-CV-152 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff KARL SHACKELFORD, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his October 6, 2008 Amended Complaint, plaintiff challenges disciplinary case #20080069164 which he received for failing to maintain possession of his state issued I.D. Plaintiff states that he reported the loss of his I.D. card on or about November 1, 2007 and was informed he would be fined $5.00 for the replacement. He says that, on November 6, 2007, he received the subject disciplinary case and, after a disciplinary hearing, was found guilty.

Plaintiff asks that the Court "[r]ule on [the] case for multiple punishment and immediate or earlier release from custody, compensation and punitive and other damage." Plaintiff also appears to request a waiver of the filing fee in this cause.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

Plaintiff has not informed the Court in his pleadings whether his punishment on the disciplinary case involved a loss of good time; however, by his Step 2 grievance attached to his October 6, 2008 "Motion Intiled Submission of Court-Ordered Document Step 2# Grievance" plaintiff states the punishment was ten days recreation and commissary restriction.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

A prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)). Ten days of commissary and recreation restriction has no effect on the duration of plaintiff's sentence and does not invoke the procedural guarantees of the Due Process Clause. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)(citing *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)). Thus, plaintiff has no federally protected due process interest in connection with a disciplinary case which did not result in a loss of goodtime. Plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Moreover, if, in fact, plaintiff did lose some goodtime as punishment in the challenged disciplinary case, he cannot assert any cognizable claim under section 1983 with respect to cases involving confiscated goodtime credits until the relevant disciplinary determinations have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). Plaintiff's request for the Court to grant immediate or earlier release from custody reveals he has not received the prerequisite favorable outcome by appeal through the grievance process or a federal habeas action. Such claims must be dismissed with prejudice to being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Assuming the challenged disciplinary case resulted in a loss of goodtime, any implicit request for relief in the form of an order expunging one or more of plaintiff's disciplinary cases from his record and restoring confiscated goodtime credits must be pursued through a habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

## CONCLUSION

For the reasons set forth above, pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff KARL SHACKELFORD is DISMISSED WITH PREJUDICE AS FRIVOLOUS and WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this ____9th____ day of October 2008.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE